UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LYNDALE R. IVY,                        )
                                       )
                  Plaintiff,           )
                                       )
            v.                         )        Case No. 1:22-cv-01228-TWP-MG
                                       )
TRAVELERS INS. CO., and                )
DANIEL M. WITTE,                       )
                                       )
                  Defendants.          )

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
AND OTHER PENDING MOTIONS

This matter is before the Court on a Motion for Judgment on the Pleadings filed pursuant

to Federal Rule of Civil Procedure 12(c) (Filing No. 23); and Motion to Dismiss Plaintiff's Motion

for Summary Judgment without Prejudice, or in the Alternative Motion to Stay Briefing (Filing

No. 35), filed by Defendants Travelers Ins. Co. ("Travelers") and Daniel M. Witte ("Witte")

(collectively, "Defendants"). Also pending is *pro se* Plaintiff Lyndale R. Ivy's ("Ivy") Motion for

Summary Judgment (Filing No. 25), Motion to Stay Defendants' Motion for Judgment on the

Pleadings (Filing No. 43); Motion to Correct Record Nunc Pro Tunc (Filing No. 44); Motion for

Sanctions Pursuant to Rule 56(b) (Filing No. 51); Motion for Leave to File Second Supplemental

Pleading and Motion to Add Defendants (Filing No. 52); and Motion for Judicial Notice (Filing

No. 62).  Ivy initiated this action by filing a Complaint against the Defendants for abuse of process

and fraud (Filing No. 1).  The action quickly ballooned with unnecessary and procedurally

improper filings.  The parties' pending Motions are ripe for ruling. For the following reasons, the

Court **grants** the Defendants' Motion for Judgment on the Pleadings and **denies** the remaining

Motions.

## I.     <u>BACKGROUND</u>

Because it is dispositive, the Court will first address Defendants request for judgment on the pleadings. The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all reasonable inferences in favor of Ivy as the non-moving party. *See Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016).

On November 24, 2020, Ivy filed a civil action in Greene County (Indiana) Superior Court against the Greene County Sheriff, alleging negligence and vicarious liability arising from two incidents of an excessive use of force when placing him in handcuffs (Filing No. 1 at 2). The Greene County Sheriff was insured by Defendant Travelers, so Travelers provided the sheriff with legal representation for the state court civil action. Defendant Witte—in his role as staff counsel employed by Travelers—provided legal representation for the Greene County Sheriff. *Id.* at 2–3.

In the state court civil action, Ivy filed a motion for summary judgment, and Witte filed a response to the motion on behalf of his client. Attached to the summary judgment response were two affidavits prepared by Witte for a deputy sheriff and a jail officer. Witte included in the affidavits false statements of fact, and Witte knew that the statements were false. By so doing, Witte caused false statements and falsified evidence to be presented to a court. Ivy filed a reply in support of his summary judgment motion, and he informed the court and Witte of the false statements in the affidavits. Witte did not take any action to correct the false statements in the affidavits. Thereafter, Ivy filed a motion to strike paragraphs from the affidavits, and Witte promptly filed a motion for sanctions against Ivy for challenging the two affidavits. The state court subsequently denied Ivy's motion for summary judgment and his motion to strike. *Id.* at 3–6.

On June 16, 2022, Ivy initiated this federal action by filing a Complaint against the Defendants (Filing No. 1). In his Complaint, Ivy brings claims for abuse of process and fraud

based upon Witte's conduct in the state court civil action, and he seeks to impose vicarious liability upon Travelers for Witte's conduct.  On October 17, 2022, the Defendants filed their Answer and Affirmative Defenses (Filing No. 22), and filed their Motion for Judgment on the Pleadings that same day (Filing No. 23).  Thereafter, Ivy filed his Motion for Summary Judgment (Filing No. 25), and then six ancillary, related Motions followed (Filing No. 35; Filing No. 43; Filing No. 44; Filing No. 51; Filing No. 52; Filing No. 62).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed.  Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).  The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir. 1993)).  The factual allegations

in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

### III.   DISCUSSION

Because the Defendants Motion for Judgment on the Pleadings is dispositive of this case, the Court will first address that Motion and then turn to the other pending Motions.

### A.   Defendants' Motion for Judgment on the Pleadings

Defendants point out that "Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements." *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008). "Statements made by parties in pleadings and other court filings enjoy this privilege if the statements are pertinent and relevant to the litigation." *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 247 (Ind. Ct. App. 2013) (internal citation and quotation marks omitted). The Defendants argue that the privilege applies to any tort claim predicated upon a false or defamatory statement as proof of wrongdoing, and it extends to both witnesses and their attorneys. *See Eckerle v. Katz & Korin, P.C.*, 81 N.E.3d 272 (Ind. Ct. App. 2017). Relying on *Maschino v. Royalty*, 2014 WL 6775434, at *7 (S.D. Ind. Dec. 2, 2014), the Defendants note that Indiana courts recognize only a narrow category of claims that may be advanced directly against an adversary's attorney, and a plaintiff

4

must plead and prove fraud, collusion, or the established torts of malicious prosecution or abuse of process.

In this case, the Defendants argue, the allegations cannot support a claim for abuse of process because it requires a "misuse or misapplication of process for an end other than that which it was designed to accomplish." *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005). Thus, there is no basis for a claim of abuse of process where the "legal process is used to accomplish an outcome that the process was designed to accomplish." *Estate of Mayer*, 998 N.E.2d at 256.

Ivy's Complaint alleges that Ivy (not the Defendants) filed a motion for summary judgment in the underlying state court litigation, and the only actions that Witte took, according to the Complaint, were to submit a response in opposition to that motion with two affidavits and request sanctions for Ivy's frivolous filings related to those two affidavits. The Defendants argue that a defense counsel who files a brief and evidence in opposition to a plaintiff's motion for summary judgment is unquestionably using the legal process to accomplish an outcome that the process was designed to accomplish. The Defendants contend the Complaint's allegations cannot support an abuse of process claim, so they are entitled to judgment on the pleadings.

The Defendants argue the claim for fraud or deceit also fails because Ivy's allegations fail to show or support the necessary element of reliance. A claim of fraud or fraudulent misrepresentation requires reliance by the plaintiff. *See Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013). And likewise, a claim of deceit requires reliance by the plaintiff. *See Shepherd v. Truex*, 823 N.E.2d 320, 327–28 (Ind. Ct. App. 2005). The Defendants assert that Ivy cannot succeed on this claim because his Complaint does not allege that he relied on any false statements made by the officers in their affidavits. Instead, Ivy alleges that he filed a reply in support of his state court motion for summary judgment wherein he informed the court and Witte that the

statements contained in the affidavits were false.  Ivy also alleges that he filed a motion to strike the allegedly false statements from the affidavits.  Thus, Ivy did not rely on any false statements, and he cannot support a claim for fraud or deceit, so judgment on the pleadings is appropriate.

> The Defendants further contend,
>
> > Witte and Travelers are protected by a litigation/judicial privilege for their conduct in state court on behalf of a client. While Indiana permits a narrow category of claims against an adversary's attorney, including the claims for abuse of process and fraud/deceit Ivy has plead [sic] here, his complaint establishes as a matter of law that he cannot prevail on either claim. There is no allegation that Witte used legal process for an improper purpose and Ivy cannot establish the requisite reliance necessary for his fraud and deceit claims.

(Filing No. 24 at 6–7.)

Responding to the Motion for Judgment on the Pleadings, Ivy clarifies that his claims are for abuse of process and "intrinsic fraud." And he asserts that it is "important for the Court to note that when it screened the Complaint pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B), the Court itself found that based on the facts contained in the Complaint, claims for abuse of process and intrinsic fraud were made." (Filing No. 28 at 2.)

Ivy argues that the Defendants failed to address his allegations regarding Witte's abuse of process in filing a motion for sanctions in response to his motion to strike the paragraphs from the affidavits; therefore, judgment on the pleadings under Rule 12(c) is not warranted. He also argues that the Defendants have not shown that there are no material issues of fact, so judgment on the pleadings is improper.  Ivy contends that Witte committed an abuse of process when he perverted the legitimate purpose of the summary judgment process by creating and filing two false affidavits. Witte misused the summary judgment process for the ulterior purpose of bolstering his client's arguments in the underlying state court action.

Ivy additionally argues that his other claim is sufficient because he alleged intrinsic fraud, not fraud upon the court or attorney deceit.  He contends that Intrinsic fraud does not require a

plaintiff's reliance, and it involves matters that were presented to and considered by the court in reaching its judgment, such as perjured testimony or a fraudulent instrument like a false affidavit. Ivy argues that his allegations support an intrinsic fraud claim because Witte submitted false affidavits to the court, and the state court relied on them when it denied his summary judgment motion.

The Defendants briefly reply to Ivy's response argument. They note that Ivy's abuse of process argument is circular, and his position would create an abuse of process claim any time a party responds to a summary judgment motion if an error was found in the evidence. But a procedurally proper use of process, even with an improper motive, is not an abuse of process. *See Maschino*, 2014 WL 6775434, at *7. As to Ivy's alleged claim for "intrinsic fraud," the Defendants point out that there is no independent cause of action in Indiana for intrinsic fraud. Instead, it is an equitable basis for an Indiana court to set aside an Indiana judgment under Indiana Trial Rule 60. *See Stonger v. Sorrell*, 776 N.E.2d 353, 355 (Ind. 2002) (noting that there are three ways to attack a judgment on the basis of fraud, one of which is a Trial Rule 60(B)(3) motion for intrinsic or extrinsic fraud). In this instance, there is no judgment because the state court litigation remains pending; thus, there is no basis for intrinsic fraud at this time. Furthermore, an intrinsic fraud argument must be made in the Indiana state court because federal district courts do not have appellate jurisdiction over state court decisions.

Even taking all of the facts alleged in Ivy's Complaint to be true (as required when ruling on a Rule 12(c) motion), the Court concludes that judgment on the pleadings is warranted under Rule 12(c). Ivy's Complaint fails to state a claim upon which relief may be granted, so the Defendants are entitled to judgment.

Regarding the abuse of process claim, as the Defendants pointed out, Ivy's allegations are limited to Witte submitting a response in opposition to Ivy's summary judgment motion with two

false affidavits and submitting a motion for sanctions in response to Ivy's motion to strike the two affidavits. Witte's filing a response brief, false affidavits, and motion for sanctions was using legal process to accomplish an outcome that the process was designed to accomplish. He did not abuse process in defending against Ivy's motions in state court. Thus, based upon Ivy's allegations (taken as true), the Defendants are entitled to judgment on the abuse of process claim.

Regarding the intrinsic fraud or the fraud claim, this claim cannot move forward. The allegations in Ivy's Complaint make it clear that he did not rely on any false statements made in the summary judgment affidavits submitted to the state court. Quite the opposite, he opposed the affidavits, objected to them, raised their falsity to the court and to Witte, and sought to have them stricken. Ivy did not rely on any false statements. As to intrinsic fraud, there is no private right of action or an independent cause of action for intrinsic fraud as it is a procedural mechanism to attack a judgment. *See Stonger*, 776 N.E.2d at 355 (emphases added) ("there are three ways of attacking a judgment on the basis of fraud: (1) a Trial Rule 60(B)(3) ***motion*** for ***intrinsic*** or extrinsic fraud; (2) an ***independent action for extrinsic fraud*** pursuant to Trial Rule 60(B); and (3) an ***independent action for fraud on the court*** pursuant to Trial Rule 60(B)"); *see also Glover v. Torrence*, 723 N.E.2d 924, 932 (Ind. Ct. App. 2000) (internal citations omitted) ("In Indiana, a judgment may be attacked on the basis of fraud in the following three ways: (1) pursuant to T.R. 60(B)(3) for intrinsic or extrinsic fraud; (2) an independent action for extrinsic fraud; and, (3) an independent action for fraud on the court. . . . The first method of attack, pursuant to T.R. 60(B)(3), is only available within one year from the date of judgment. Further, a motion alleging intrinsic fraud must be made under this method." . . . "The fraud alleged is a matter of intrinsic fraud, and under the decisions of this court, . . . this fraud cannot be the foundation of a suit to vacate the judgment attacked."). Therefore, whether couched as intrinsic fraud or a claim for fraud, Ivy's allegations fail to state a claim upon which relief can be granted.

Moreover, Indiana's litigation/judicial privilege protects these Defendants against claims brought by Ivy based upon the allegations of his Complaint.  The vicarious liability that Ivy seeks to impose against Travelers is unwarranted because the underlying claims against Witte cannot proceed.  Because Ivy made mention of it, the Court briefly notes that its screening orders pursuant to 28 U.S.C. § 1915(e)(2)(B) are never with prejudice to the parties filing a Rule 12(b) or Rule 12(c) motion.  It is simply an initial screening procedure to weed out plainly and obviously deficient lawsuits.  Defendants are still permitted to challenge a plaintiff's failure to state a claim under Rule 12 after a court allows a case to move beyond the initial screening.  For the reasons discussed above, the Defendants' Motion for Judgment on the Pleadings is **granted**, and Ivy's claims are **dismissed with prejudice**.

**B.**     **Ivy's Motion for Summary Judgment and Defendants' Motion to Dismiss Ivy's Motion for Summary Judgment or to Stay Briefing**

Ivy filed a Rule 56 Motion for Summary Judgment on the claims brought in his Complaint, arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Soon thereafter, the Defendants filed a "Motion to Dismiss Plaintiff's Motion for Summary Judgment without Prejudice, or in the Alternative Motion to Stay Briefing." The Defendants argue that Ivy's summary judgment motion was prematurely filed as no discovery has occurred in this case, and the Motion was filed before the Defendants had even answered the Complaint.  The Defendants also argue that motions pertaining to the adequacy of the pleadings should be decided before a summary judgment motion because they do not require discovery and consideration of evidence.  They ask the Court to either dismiss/deny Ivy's Motion for Summary Judgment or stay briefing until after the other Motions are resolved and after discovery.

In response, Ivy points out that that Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Ivy argues that, because he filed his Motion for Summary Judgment before the Defendants filed their Motion for

9

Judgment on the Pleadings, the Court should not stay the summary judgment proceedings and should rule on his Motion first.

The Seventh Circuit has unequivocally explained, "[t]he district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. . . . Necessarily, they must have substantial discretion as they manage their dockets." *Reales v. CONRAIL*, 84 F.3d 993, 996 (7th Cir. 1996); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("[d]istrict courts have considerable discretion to manage their dockets"); *Stevens v. United States Dep't of State*, 20 F.4th 337, 341–42 (7th Cir. 2021) (same).

In the ordinary course of federal civil litigation, the parties file pleadings and motions regarding the adequacy of the pleadings. If the action proceeds beyond that motions practice, then the parties engage in discovery after which summary judgment motions are filed. If the action proceeds beyond the summary judgment procedure, the parties prepare the case for trial and either settle their case or try their case. In the normal case, summary judgment motions are only filed and resolved after discovery and after any motions regarding the adequacy of the pleadings. This case is a normal case, and the Court sees no basis for departing from the normal procedural course of litigation in this case.

In order to manage its docket efficiently and justly, the Court declines to address Ivy's Motion for Summary Judgment before resolving the Defendants' Motion for Judgment on the Pleadings. The timing and issue of who filed first is of no consequence. In light of the Court's decision on the Motion for Judgment on the Pleadings, Ivy's Motion for Summary Judgment is **denied as moot**. And because the Motion for Summary Judgment has been denied as moot, the Defendants' Motion to Dismiss Plaintiff's Motion for Summary Judgment without Prejudice, or in the Alternative Motion to Stay Briefing is **denied as moot**.

C.      **Ivy's Remaining Motions**

Ivy moves the Court to stay any decision on the Defendants' Motion for Judgment on the Pleadings until after the Court has decided his Motion for Summary Judgment because he filed his Motion first.  Considering the Court's decisions above, the Motion to Stay Defendants' Motion for Judgment on the Pleadings (Filing No. 43) is **denied as moot**.

Ivy filed a "Motion to Correct Record Nunc Pro Tunc" to change the date on which he filed his Motion for Summary Judgment to account for the prison mailbox rule. Because the precise timing of when Ivy filed his Motion for Summary Judgment has no bearing on any of the decisions in this matter, and because of the Court's decisions above, Ivy's Motion to Correct Record Nunc Pro Tunc (Filing No. 44) is **denied as moot**.

Ivy moves the Court to impose sanctions against the Defendants' attorney in this case because, Ivy alleges, defense counsel submitted a fraudulent declaration in connection with the response to Ivy's Motion for Summary Judgment. Because the Court has denied as moot the Motion for Summary Judgment and has not considered any of the filings submitted in connection with that Motion, including the allegedly fraudulent declaration, the Motion for Sanctions Pursuant to Rule 56(b) (Filing No. 51) is **denied as moot**.

Ivy also asks the Court to take judicial notice of the state court proceedings occurring in the Greene County Superior Court.  Because this action is being dismissed based upon the ruling on the Motion for Judgment on the Pleadings, the Court need not take judicial notice and **denies as moot** the Motion for Judicial Notice (Filing No. 62).

Finally, Ivy moves the Court to allow him to file a supplemental pleading to add defense counsel and his law firm as defendants in this civil action based upon "occurrences and events" that "happened since the date of Plaintiff's original Complaint." (Filing No. 52 at 1.)  Ivy seeks to add defense counsel Nicholas W. Levi, and his law firm--Kightlinger and Gray LLP--as defendants

based upon his allegation that defense counsel submitted a fraudulent declaration in connection with the summary judgment papers in this lawsuit.  For the same reasons discussed above when deciding the Motion for Judgment on the Pleadings, the Court finds that any amendment or supplemental pleading would be futile,[1] and, therefore, Ivy's Motion for Leave to File Second Supplemental Pleading and Motion to Add Defendants (Filing No. 52) is **denied**.

### IV.    <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS** the Defendants' Motion for Judgment on the Pleadings (Filing No. 23), and Ivy's claims are **dismissed with prejudice**.  Ivy's Motion for Summary Judgment (Filing No. 25) is **DENIED**, and his Motion for Leave to File Supplemental Pleading and Motion to Add Defendants (Filing No. 52) is also **DENIED** because such a supplemental pleading would be futile.  All other pending motions (Filing No. 35; Filing No. 43; Filing No. 44; Filing No. 51; Filing No. 62) are **DENIED AS MOOT**.

Final judgment will issue under separate order and this case is closed.

**SO ORDERED.**

Date:   5/3/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1]
    The standards for amending and supplementing a complaint under Rule 15 are generally the same. *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). . . . Supplemental pleadings concern "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). . . . Rule 15 "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015); *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that the same standard applies to amendments and supplemental pleadings); *see also Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) (the court has substantial discretion either to permit or deny a motion to supplement).

*GEFT Outdoor, L.L.C. v. City of Westfield*, 2019 U.S. Dist. LEXIS 82710, at *5–7 (S.D. Ind. May 16, 2019).

DISTRIBUTION:

LYNDALE R. IVY
5087
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Nicholas Ward Levi
KIGHTLINGER & GRAY, LLP
nlevi@k-glaw.com